UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER TORRE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:22-cv-04693-SDW-MAH |
| | : | |
| CHRISTINA KARDOONI, et al., | : | |
| | : | |
| Defendants. | : | |

---

**DEFENDANT CHRISTINA KARDOONI'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

---

**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, New Jersey 07960
Telephone: 973-994-7819
Fax: 973-992-9125

**Of Counsel and on the Brief**

Jordan B. Kaplan, Esq.

138145946.1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 2

    A.    Kardooni's Twitter Posts Reflect Personal, Noncommercial Speech ........................ 2

    B.    Plaintiff Fails to Allege Fact Demonstrating a Nexus Between the Facts at Issue in this Case and the State of New Jersey ....................................................... 3

    C.    Kardooni's Lack of Minimum Contacts with this Forum ......................................... 4

LEGAL ARGUMENT .................................................................................................................. 5

POINT I  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER KARDOONI ............................................ 5

    A.    Kardooni's Social Media Posts Cannot be Used to Establish Minimum Contacts with New Jersey.................................................................................................... 7

    B.    The Tortious Conduct Alleged was Not Aimed at the Forum.................................. 9

    C.    Extending Personal Jurisdiction to Kardooni over Allegations Relating to Publications Made in Canada Would Otherwise Violate the Requirement of Due Process ................................................................................................................ 11

POINT II  COUNT ONE OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE SUBJECT SOCIAL MEDIA POSTS ARE NOT "COMMERCIAL ADVERTISING OR PROMOTION" ............................................................................... 12

CONCLUSION ........................................................................................................................... 14

138145946.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asahi Metal Industry Co. v. Superior Court*,
   480 U.S. 102 (1987) ..................................................................................................

*Bolger v. Young Drug Prods. Cop.*,
   463 U.S. 60 (1983) ............................................................................................... 13

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ............................................................................................... 6

*Calder v. Jones*,
   465 U.S. 783 (1984) ............................................................................................. 10

*Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*,
   447 U.S. 557 (1980) ............................................................................................. 13

*Christie v. Nat'l Inst. for Newman Studies*,
   258 F.Supp.3d 494 (D.N.J. 2017) .......................................................................... 8

*Corigliano v. Classic Motor, Inc.*,
   611 F. App'x 77 (3d Cir. 2015) ............................................................................. 6

*Goldhaber v. Kohlenberg*,
   928 A.2d 948 (N.J. Super. Ct. App. Div. 2007) .................................................. 10

*Harris v. Sportbike Track Gear*,
   2015 WL 5648710 (D.N.J. Sept. 24, 2015) ........................................................... 7

*IMO Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998) ................................................................... 6, 9, 10, 11

*Inno360, Inc. v. Zakta, LLC,*
   50 F.Supp.3d 587 (D. Del. 2014) .......................................................................... 8

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ............................................................................................... 6

*Kepner-Tregoe, Inc. v. Tracy Learning, Inc.*,
   2009 WL 235044 (D.N.J. Jan. 29, 2009) ............................................................... 8

*Kloth v. Christian University*,
   494 F.Supp.2d 273 (D. Del. 2007) ........................................................................ 8

*Lebel v. Everglades Marina, Inc.*,
   115 N.J. 317 (1989) .................................................................................................... 6

*Love v. Associated Newspapers, Ltd.*,
   611 F.3d 601 (9th Cir. 2010) ................................................................................... 10

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964) ................................................................................................ 13

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ................................................................................. 10

*Pinker v. Roche Holdings, Ltd.*,
   292 F.3d 361 (3d Cir. 2002) ...................................................................................... 5

*Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*,
   413 U.S. 376 (1973) ................................................................................................ 13

*Stranahan Gear Co., Inc. v. NL Industries, Inc.*,
   800 F.2d 53 (3d Cir. 1986) ........................................................................................ 5

*Suntree Techs., Inc. v. Ecosense Int'l*,
   693 F.3d 1338 (11th Cir. 2012) ............................................................................... 12

*Toys "R" Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) ...................................................................................... 7

*Treistman v. Tuerkheimer*,
   2018 WL 2433595 (D.N.J. May 11, 2018) ............................................................... 8

*Vangheluwe v. Got News, LLC*,
   365 F.Supp.3d 850 (E.D. Mich 2019) ................................................................... 8, 9

*Vetrotex Certaineed Corp. v. Consolidated Fiber Glass Products Co.*,
   75 F.3d 147 (3d Cir. 1996) ........................................................................................ 6

*Walden v. Fiore*,
   571 U.S. 277 (2014) ................................................................................................ 10

*Waste Mgmt., Inc. v. Admiral Ins. Co.*,
   130 N.J. 106 (1994), *cert. den.* 513 U.S. 1183 (1995) ............................................. 6

*World–Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) .................................................................................................. 6

**Statutes**

15 U.S.C. 1125(a)(1)(B) ................................................................................... 1, 2, 12, 14

138145946.1

**Other Authorities**

Fed. R. Civ. P. 4............................................................................................................................6

Fed. R. Civ. P. 12(b)(2) .......................................................................................................*passim*

New Jersey Civil Rule 4:4-4........................................................................................................3

## **PRELIMINARY STATEMENT**

Plaintiff Christopher Torre ("Plaintiff") is engaged in clear forum shopping, as his Complaint against defendant Christina Kardooni ("Kardooni") is devoid of a *single* fact demonstrating that the District of New Jersey has jurisdiction over Kardooni. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction.

In his Complaint, Plaintiff alleges that Kardooni's social media posts – which describe Plaintiff's extensive history of physical and mental abuse towards Kardooni - were inaccurate, in violation of New Jersey common law and the Lanham Act, 15 U.S.C. 1125(a)(1)(B). Setting aside the false rhetoric that Plaintiff pleads in a clear attempt to downplay his demonstrable history of abuse towards women, Plaintiff does not allege *a single* fact to establish personal jurisdiction over Kardooni. Indisputably, Kardooni does not reside in New Jersey, does not maintain an agent within the State of New Jersey, and does not maintain continuous, systematic contacts with the State of New Jersey. Kardooni has no personal connections to the State of New Jersey, has not travelled to the State of New Jersey in over a year, and, as a result, would be unduly burdened if forced to defend herself in litigation in New Jersey.

With respect to the underlying social media posts at issue: (i) the social media posts *do not* reference the State of New Jersey; (ii) the social media posts to *do not* refer to events that occurred in the State of New Jersey; and (iii) the social media posts *do not* describe the actions of a New Jersey resident, **as Plaintiff admits that he is a New York resident**. Even if the Court assumes all allegations in the Complaint are true, Third Circuit law clearly provides that the mere world-wide accessibility of a statement made on the internet does not provide a basis for personal jurisdiction, even where the plaintiff alleges that he suffered harm in the state. In light

1

of Plaintiff's wholesale dearth of facts supporting jurisdiction, his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Moreover, even if all of Plaintiff's allegations against Kardooni are assumed to be true, Plaintiff fails to state a claim against Kardooni under the Lanham Act, requiring dismissal under Federal Rule of Civil Procedure 12(b)(6). The alleged statements at issue here are not statements made in a "commercial" context, as is required for a claim under the Lanham Act. Rather, the alleged statements are internet postings of an individual, unconnected to any business, advertisement, or commercial activity. Accordingly, to the extent that the Court retains jurisdiction over this case – which it should not - Plaintiff's claim against Kardooni under the Lanham Act should be dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

**A.    Kardooni's Twitter Posts Reflect Personal, Noncommercial Speech**

This case arises out of a dispute between Plaintiff and his former romantic partners, one of which is Kardooni. (*See* ECF No. 1 at ¶3). In sum, Plaintiff alleges that he suffered harm as a result of truthful statements that Kardooni allegedly published on her personal Twitter account and Facebook page in April 2022. (*See* ECF No. 1 at ¶28 and 29).

As is evident from those Twitter posts – which are hyperlinked in Plaintiff's Complaint – *nothing* in the referenced internet postings reflects "commercial speech." Indeed, on its face, it is clear that neither the Twitter post nor the Facebook post: (i) advertises a product, (ii) references a specific product, or (iii) establishes an economic motivation to advance a business in which Kardooni is involved. (*Id.*). Rather, the social media posts discuss, in general terms, the harm that Kardooni suffered as a result of Plaintiff's years of mental and physical abuse towards Kardooni.

2

Plaintiff fails to identify any facts demonstrating that Kardooni's personal social media posts reflect commercial speech. Instead, Plaintiff only alleges vaguely that, as a result of Kardooni's social media posts, that Plaintiff suffered "personal and professional" harm. (*See* ECF 1 at ¶6). Certainly, through Plaintiff's admission – that he suffered "personal harm" – the notion that Kardooni's social media posts are commercial in nature is obviated.

B.  **Plaintiff Fails to Allege Fact Demonstrating a Nexus Between the Facts at Issue in this Case and the State of New Jersey**

While Plaintiff baldly alleges in his Complaint that this Court has personal jurisdiction over Kardooni "pursuant to New Jersey Civil Rule 4:4-4" (ECF No. 1 at ¶ 12), he fails to plead a single fact to support his bald conclusion. Instead, an in-depth search of Plaintiff's Complaint only reveals *three* broad factual allegations concerning the State of New Jersey, as it pertains to any Defendant:

- "Defendants expressly aimed and purposefully directed their defamatory statements to residents of the State of **New Jersey**, knowing that the brunt of injury would be felt in New Jersey. Among other affirmative acts, Defendants launched their campaign of extortion and defamation by posting their untrue and defamatory statements about Plaintiff **on social media platforms that are openly accessible by New Jersey residents**. Upon information and belief, **at least one New Jersey resident has perceived** Defendants' defamatory statements as truthful[.]" (*See* ECF 1 at ¶12 (*emphasis added*).

- Plaintiff alleges that "Kardooni's Twitter and Facebook posts have attracted hundreds of people's attention, and will continue attracting more attention from the general public, including more **New Jersey** residents[.]" (*See* ECF 1 at ¶39).

- With respect to Kardooni's social media posts – which Plaintiff acknowledged were made on platforms that are accessible to the worldwide general public – Plaintiff argues that Kardooni "published or caused to publish false and defamatory statements to third parties residing in the State of New Jersey[.]" (*See* ECF 1 at ¶66).

Plaintiff does not allege anywhere in his Complaint that relevant action by Kardooni occurred within the territorial bounds of the State of New Jersey, or that Kardooni maintains a regular, systematic presence within the State of New Jersey. Instead, while Plaintiff alleges

3

generally that Kardooni's social media posting[1] was "directed" to the State of New Jersey, a cursory review of the subject social media posts reveals that *they do not mention* the State of New Jersey, or even make a passing reference thereto. (*See* ECF No. 1 at ¶28 and 29). Moreover, while Plaintiff states that two individuals were "tagged" in Kardooni's Facebook post, Plaintiff does not allege that either of those individuals are residents of the State of New Jersey or that they conduct business in New Jersey. (*See* ECF 1 at ¶35 – 37).

In sum, Plaintiff has not identified a single fact demonstrating that Kardooni specifically subjected herself to the laws of the State of New Jersey or that the social media posts even addressed conduct that occurred within the State of New Jersey.

C.   **Kardooni's Lack of Minimum Contacts with this Forum**

Even if provided the opportunity, Plaintiff *could not* plead facts demonstrating that Kardooni is subject to the laws of the State of New Jersey, as Kardooni wholly lacks the minimum contacts required to confer personal jurisdiction upon her.

While Kardooni maintains a residence at her parents' home in the State of California, Kardooni is a permanent resident of Vancouver, Canada. (*See* ECF No. 1 at ¶8; Kardooni Dec. at ¶3 and 4). Previously, Kardooni was in a romantic relationship with Plaintiff. (*See* Kardooni Dec. at 8). During their relationship, neither Kardooni nor Plaintiff resided in the State of New Jersey. (*Id* at ¶9). Instead, during that time, both Kardooni and Plaintiff resided in the State of New York. (*Id* at ¶10).

During their relationship, Kardooni suffered significant mental and physical harm at the hands of Plaintiff, all outside of the territorial bounds of the State of New Jersey. (*Id* at ¶11 and 12). For example, on December 3, 2014, near the end of the parties' relationship, Plaintiff struck

---

[1] The Court may take judicial notice of the fact that statements posted to social media websites such as Twitter and Facebook are accessible to individuals worldwide, and not just by New Jersey residents.

Kardooni in the face, causing a laceration to Kardooni's inner lip. (*Id* at ¶13 and Ex. A). That incident – which reflects the facts in the underlying social media posts concerning Plaintiff's abusive behavior - took place within the territorial bounds of the State of New York, at the home of Plaintiff's mother. (*Id* at ¶14).

While Kardooni has, in the past, travelled to the State of New Jersey for specific business purposes, she has not travelled to New Jersey for over a year. (*Id* at ¶6). Thus, based upon Plaintiff's claim that the subject social media posts were made in April 2022 (ECF 1 at ¶ 28 and 29), Kardooni would not have been present in the State of New Jersey at the time that the subject social media posts were made.

Undeniably, Kardooni lacks permanent contacts with the State of New Jersey, and none of the facts relevant to this case occurred within the territorial bounds of the State of New Jersey. Simply put, there is no reason to force Kardooni to travel across the country to defend herself in a contrived lawsuit, brought by a scorned ex-partner that has elected to "selectively forget" his harmful past and the significant proof demonstrating his history of abuse. Accordingly, the Court should grant Kardooni's motion and dismiss Plaintiff's claims against Kardooni pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction.

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER KARDOONI**

Pursuant to Fed. R. Civ. P. 12(b)(2), Plaintiff bears the burden of establishing that this Court has personal jurisdiction over Kardooni. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361 (3d Cir. 2002) (*citing Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217 (3d Cir. 1992)). *See also Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 58 (3d Cir. 1986) (affirming

5

dismissal for lack of personal jurisdiction because plaintiff's cursory allegation reiterated in a sworn affidavit was insufficient to satisfy the burden of proof). "Whether personal jurisdiction may be exercised over an out of state defendant is a question of law for the court." *Vetrotex Certaineed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996).

New Jersey state law determines whether the District of New Jersey may assert personal jurisdiction over non-resident Kardooni.  *See* Fed. R. Civ. P. 4.  The personal jurisdiction inquiry in New Jersey "is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).  *See also* R. 4:4-4; *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77 (3d Cir. 2015). Due process requires that a nonresident defendant have minimum contacts with the forum that are related to the facts of the lawsuit to be subject to specific jurisdiction there. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Unquestionably, specific jurisdiction over a defendant exists when the "cause of action arises directly out of defendant's contacts with the forum state …"  *Waste Mgmt., Inc. v. Admiral Ins. Co.*, 130 N.J. 106, 119 (1994), *cert. den.* 513 U.S. 1183 (1995).  In examining specific jurisdiction, the "minimum contacts inquiry must focus on "the relationship among the defendant, the forum and the litigation".  *Lebel v. Everglades Marina, Inc.*, 115 N.J. 317, 323 (1989) (*quoting Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

The requirement that a litigant "purposefully avail" themselves of a specific jurisdiction ensures that a defendant will not be hauled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) The question is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen*

6

*Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff has not, and cannot, meet this initial burden of establishing that this Court possesses jurisdiction over Kardooni because: (i) the only relevant contact with the forum that Plaintiff alleges is insufficient and Kardooni has demonstrated that she lacks all other kinds of contact with the forum; (ii) Plaintiff has not and cannot show that Kardooni's alleged conduct was aimed at the forum; and (iii) extending jurisdiction over Kardooni – a Canadian resident with no presence in New Jersey – would not comport with the requirements of due process.

**A.     Kardooni's Social Media Posts Cannot be Used to Establish Minimum Contacts with New Jersey**

As Plaintiff fails to identify any specific activities that Kardooni undertook in the State of New Jersey, the only possible basis for personal jurisdiction is Plaintiff's contention that Kardooni published certain statements on Twitter and Facebook that, given the nature of the internet, are accessible anywhere in the world, including in New Jersey. (*See* ECF 1 at ¶28 and 29). The law in this Circuit is clear, however, that the fact that something is published online does not, *per se*, subject it to the jurisdiction of every state.

In the Third Circuit, a non-resident defendant's use of a globally-accessible website, without more, is insufficient to establish the minimum contacts required for personal jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003).

> [T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. **Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts**.

*Id*. (*emphasis added*). *See also Harris v. Sportbike Track Gear*, 2015 WL 5648710 (D.N.J. Sept. 24, 2015) (finding no personal jurisdiction over out of state defendant, even though the defendant

7

used "United States-based social media platforms, including Facebook, Twitter, Instagram, and Youtube," to market the products at issue because the defendant did "not purposefully target New Jersey."); *Christie v. Nat'l Inst. for Newman Studies*, 258 F. Supp. 3d 494, 502 (D.N.J. 2017).

Indeed, to find the existence of personal jurisdiction, courts within the Third Circuit have required "something more" from defendants, other than the basic knowledge that their postings on the internet *could* be viewed, or that their product *could* be used in the forum state. *See, e.g., Kloth v. Christian University*, 494 F.Supp.2d 273, 279–80 (D. Del. 2007) (finding that a university did not purposefully avail itself of doing business within Delaware by using a website that advertised its "distance learning" program without "something more"); *Inno360, Inc. v. Zakta*, LLC, 50 F. Supp. 3d 587, 595 (D. Del. 2014) (finding no specific jurisdiction where the plaintiff did not provide any evidence to show that Delaware residents have in fact paid for defendant's search services or that defendant has targeted its search services at Delaware through directed marketing or otherwise); *Kepner-Tregoe, Inc. v. Tracy Learning, Inc*., 2009 WL 235044, at *3 (D.N.J. Jan. 29, 2009); *Treistman v. Tuerkheimer*, 2018 WL 2433595 (D.N.J. May 11, 2018) ("Placing information on the internet alone 'is not sufficient by itself to subject [] that person to personal jurisdiction in each State in which the information is accessed'") (*citation omitted*). Other Circuits have held the same. To that end, in *Vangheluwe v. Got News, LLC*, 365 F.Supp.3d 850 (E.D. Mich 2019), the Eastern District of Michigan held:

> **[M]erely posting a defamatory statement about the plaintiff online is not enough to hale the poster into the state where the plaintiff resides**; instead, the poster's conduct must have involved the plaintiff's state in some additional way. For instance, the internet posting might be of more interest to people in the plaintiff's state than nationally. Or, as another example, the post might be of no special interest to those in the plaintiff's state but the poster makes special effort to publicize the post there.

8

*Id.* (*citations omitted*) (*emphasis added*).

Undeniably, the social media posts at issue here fail to establish the "something more" to subject Kardooni to the jurisdiction of the District of New Jersey. As confirmed by Plaintiff's Complaint and the social media posts themselves: (i) the social media posts do not mention the State of New Jersey; (ii) the social media posts do not reference conduct that occurred within the State of New Jersey; (iii) no efforts were made by Kardooni, or anyone else, to promote the social media posts in the State of New Jersey. Moreover – and most importantly – *even Plaintiff does not reside in the State of New Jersey*.

Certainly, nothing in Plaintiff's Complaint, the social media posts, or any other source can demonstrate that Kardooni purposefully availed herself of the laws of the State of New Jersey in any manner. Accordingly, Plaintiff cannot establish that this Court has personal jurisdiction over Kardooni, and his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**B.    The Tortious Conduct Alleged was Not Aimed at the Forum**

The Third Circuit has held that personal jurisdiction based on a defendant's intentionally tortious activity will *not* be established if the plaintiff fails to demonstrate that the tortious conduct was "expressly aimed" at the forum. *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 263-266, (3d Cir. 1998). The plaintiff in *IMO* alleged that the German defendant interfered with plaintiff's attempt to sell a foreign subsidiary by sending letters to Italy and New York that threatened to revoke the defendant's licensing deal with plaintiff's subsidiary. *Id.* at 256. The Third Circuit affirmed dismissal for lack of personal jurisdiction because the plaintiff did not

point to sufficient facts demonstrating that the defendant targeted its tortious conduct at New Jersey; rather the court concluded that the dispute was "focused outside the forum." *Id.* [2]

Here, Plaintiff's Complaint focuses on statements published globally on Twitter and Facebook about a **New York resident** that, by his own admission, engages in wrestling events worldwide. (*See* ECF 1 at ¶28 and 29). Under *IMO*, the fact that Plaintiff claims that he experienced harm from these statements in New Jersey – notwithstanding the fact that even *he* does not reside there – fails to demonstrate that Kardooni directed her alleged conduct towards New Jersey. *See IMO*, 155 F.3d at 265 ("[Personal jurisdiction] requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum."). *See also, Walden v. Fiore*, 571 U.S. 277 (2014) ("mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the *defendant* has formed a contact with the forum State.") (*emphasis added*).

The social media posts at issue make no mention of New Jersey or Plaintiff's activities that took place in the State of New Jersey. (*See* ECF 1 at ¶28 and 29). *Cf. Goldhaber v. Kohlenberg*, 928 A.2d 948, 953 (N.J. Super. Ct. App. Div. 2007) (for defamation claim, finding that defendant had targeted plaintiff in New Jersey because he made specific disparaging references to plaintiff's residence in a New Jersey municipality). Plaintiff has not pled facts showing that Kardooni even knew that Plaintiff works in New Jersey, let alone that Kardooni

---

[2] *See also Calder v. Jones*, 465 U.S. 783, 788-90 (1984) (finding jurisdiction for defamation claim where defendant publisher expressly targeted California by publishing statements that maligned plaintiff actress's California-based activities, and where California was the state with the highest circulation of defendant's publication); *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010) (finding no personal jurisdiction over a British record producer based on infringement of Beach Boy Mike Love's right of publicity where the producer used Love's image as part of a promotion for a Brian Wilson tour in England because the producer's actions were directed entirely at markets in the U.K.); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (finding no personal jurisdiction for trademark claim where owner of the Pebble Beach golf course sued an English inn called "Pebble Beach" and maintained a website at www.pebblebeach-uk.com because the English inn's actions were not aimed at the forum state).

targeted him there. *See IMO,* 155 F.3d at 266. ("While knowledge that the plaintiff is located in the forum is necessary [for personal jurisdiction based on intentional tortious activity] … it alone is insufficient to satisfy the targeting [requirement].").

Indisputably, the published social media posts at issue cannot support the inference that Kardooni's alleged conduct was aimed at New Jersey, or *any* particular forum within the United States. As such, Plaintiff's allegations of tortious conduct – specifically, the social media posts - cannot establish this Court has personal jurisdiction over Kardooni. Accordingly, Plaintiff's Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2).

**C.    Extending Personal Jurisdiction to Kardooni over Allegations Relating to Publications Made in Canada Would Otherwise Violate the Requirement of Due Process**

Even where a defendant's actions satisfy the minimum contacts test, these contacts should be weighed against other factors to determine if assertion of personal jurisdiction would comport with "fair play and substantial justice." *Int'l Shoe* at 316. Factors to be weighed include (i) the burden on the defendant, (ii) the plaintiff's interest in obtaining relief in the forum, and (iii) the forum state's interest in adjudicating the dispute. *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113 (1987).

Undeniably, the Canadian-based Kardooni faces the severe burden of defending an action in New Jersey. Indeed, Kardooni has not travelled to New Jersey in over a year. (*Id* at ¶6). Moreover, during their relationship, neither Kardooni nor Plaintiff resided in the State of New Jersey. (*Id* at ¶9). Instead, during that time, both Kardooni and Plaintiff resided in the State of New York. (*Id* at ¶10). With respect to the specific conduct at issue in the social media posts – namely, Plaintiff's mental and physical abuse towards Kardooni - occurred outside of the territorial bounds of the State of New Jersey. (*Id* at ¶12 - 14).

None of the witnesses to Plaintiff's physical and mental abuse towards Kardooni are located within the State of New Jersey.  None of the documents relating to Plaintiff's physical and mental abuse towards Kardooni are located within the State of New Jersey.  *Even Plaintiff and his counsel are not located within the State of New Jersey*.  Stated differently, *nothing* compels this case to be litigated in the State of New Jersey, other than Plaintiff's desire to engage in clear forum shopping.

As Plaintiff cannot identify a *single* fact to support his contention that this Court has jurisdiction over this case, his Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2).

## POINT II

**COUNT ONE OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE SUBJECT SOCIAL MEDIA POSTS ARE NOT "COMMERCIAL ADVERTISING OR PROMOTION"**

Should the Court determine that Kardooni is subject to the jurisdiction of this Court - which it should not - it should nonetheless dismiss Count One of Plaintiff's Complaint, which is brought pursuant to the Lanham Act, 15 U.S.C. §1125. The Lanham Act prescribes liability for false advertising to "commercial advertising or promotion."  15 U.S.C. §1125(a)(1)(B).  Courts analyzing the Lanham Act have found that commercial advertising or promotion includes: "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services[;]" and (4) "the representations … must be disseminated sufficiently to the relevant purposing public to constitute 'advertising' or 'promotion' within that industry." *Suntree Techs., Inc. v. Ecosense Int'l,* 693 F.3d 1338, 1349 (11th Cir. 2012) (*quoting Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1535 – 36 (S.D.N.Y. 1994)).

Commercial speech is "expression related solely to the economic interests of the speaker and its audience." *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557 (1980). The "core notion" of commercial speech extends to speech that proposes a commercial transaction. *Bolger v. Young Drug Prods. Cop.*, 463 U.S. 60 (1983). The Supreme Court has identified three factors in looking beyond the core notion of commercial speech: (i) that the material was "conceded to be advertisements,"; (ii) that is contained a "reference to a specific product,"; and (iii) the speaker "as an economic motivation" for distributing the material. *Id.* No one factor is dispositive. *Id.* at 67. But, "speech is not rendered commercial by the mere fact that it relates to an advertisement." *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 384 (1973).

Based upon Plaintiff's Complaint – which incorporates by reference the underlying social media posts – there can be no question that Kardooni's social media posts *do not* fall within the core notion of commercial speech, as they do not propose a commercial transaction. Instead, the social media posts evoke the characteristics of non-commercial speech. The social media posts "communicate[] information, express[] opinion, [and] recite grievances,…" *See New York Times Co. v. Sullivan*, 376 U.S. 254, 266 (1964). These social media posts – which address Plaintiff's history of physical and mental abuse toward Kardooni – add to the ongoing public discussion concerning the disparate treatment of women in our society and the ever important "me too" movement. Thus, by their very nature, the social media posts are *not* commercial.

Addressing the three factors outlined by the Supreme Court in *Bolger*, there can be no question that the social media posts do not constitute "commercial speech," and, therefore, are not subject to the Lanham Act. First, Plaintiff fails to allege that the social media posts are advertisements, nor can Plaintiff reasonably construe Kardooni's personal social media posts as

13

such. Second, the social media posts do not discuss any products or services for sale by Kardooni. Third, there is clearly no economic motivation sufficient to transform Kardooni's social media posts into commercial speech. Indeed, the social media posts do not generate revenue through advertisements or subscriptions. Moreover, nothing in the social media posts seeks donations, fundraising, or anything else that would support an economic benefit to Kardooni. Instead, the social media posts air Kardooni's personal grievances towards Plaintiff, and his demonstrable history of mental and physical abuse.

As the social media posts at issue in this case are, indisputably, not "commercial speech, they cannot be subject to Lanham Act liability as commercial advertising or promotion. Accordingly, Count One of Plaintiff's Complaint should be dismissed, with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should grant Kardooni's motion and dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction over Kardooni. If the Court determines that it has jurisdiction over Kardooni, the Court should dismiss Count One of Plaintiff's Complaint, with prejudice.

Dated: September 26, 2022

**FOX ROTHSCHILD LLP**
*Attorneys for defendant Christina Kardooni*

By: _____
Jordan B. Kaplan, Esq.
49 Market Street
Morristown, New Jersey 07960
Email: jbkaplan@foxrothschild.com
Tel: (973) 992-4800
Fax: (973) 992-9125