**HAMMERMAN ROSEN LLP**
Marvin J. Hammerman, Esq.
585 U.S. 46
Fairfield, New Jersey 07004 Telephone (973) 227-1415
Facsimile (201) 781-5682
Attorneys for Defendant, McKaila Coulter

## UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHIRSTOPHER TORRE<br><br>Plaintiff,<br><br>-vs-<br><br>CHRISTINA KARDOONI and<br>MCKAILA COULTER<br>Defendants | **Civil Action No.: 2:22-cv-04693-SDW-MAH**<br>Judge Susan D. Wigenton, Presiding<br>Judge Michael A. Hammer, Referral<br><br><br>Date:  November 7, 2022<br>Time:  9:00 a.m.<br>**Oral Argument Requested** |

## DEFENDANT MCKAILA COULTER's BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

**HAMMERMAN ROSEN LLP**
585 U.S. 46
Fairfield, New Jersey 07004
Telephone: (973) 227-1415
Facsimile:  (201) 781-5682

On the Brief

Marvin J. Hammerman, Esq.

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................./////////// ........................ 1

**STATEMENT OF FACTS** ................................................................................ 2

    A. Plaintiff Fails to Allege Facts Demonstrating a Nexus Between the Facts at Issue in the Case and the State of New Jersey ...................................................... 2

    B. Coulter's Lacks even Minimum Contacts with this Forum .............................. 3

**LEGAL ARGUMENT** ..................................................................................... 3

    I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS AND TO DEFENDANT COULTER BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER COULTER ........................................................... 4

    A. Coulter's Social Media Posts Cannot be Used to Establish Minimum Contacts with New Jersey ............................................................................................... 6

    B. The Tortious Conduct Alleged was Not Aimed at the Forum ........................... 8

    C. Extending Personal Jurisdiction to Coulter over Allegations Relating to Publications made in Massachusetts would Otherwise Violate the Requirement of Due Process ......................................................................................................... 10

**CONCLUSION** ............................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**                                                                                               **Page(s)**

*Asahi Metal Industry Co. v. Superior Court*,
    480 U.S. 102 (1987) ...........................................................................................................10

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) .............................................................................................................5

*Christie v. Nat'l Inst. for Newman Studies*,
    258 F.Supp.3d 494 (D.N.J. 2017) .......................................................................................7

*Corigliano v. Classic Motor, Inc.*,
    611 F. App'x 77 (3d Cir. 2015) ..........................................................................................5

*Goldhaber v. Kohlenberg*
    928 A.2d 948 (N.J. Super. Ct. App. Div. 2007) .................................................................9

*Harris v. Sportbike Track Gear*,
    2015 WL 5648710 (D.N.J. Sept. 24, 2015) ........................................................................6

*IMO Indus., Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) ........................................................................................ 5, 8-9

*Inno360, Inc. v. Zakta, LLC*,
    50 F.Supp.3d 587 (D. Del. 2014) ........................................................................................7

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .............................................................................................................5

*Kepner-Tregoe, Inc. v. Tracy Learning, Inc.*,
    2009 WL 235044 (D.N.J. Jan. 29, 2009) ............................................................................7

*Kloth v. Christian University*,
    494 F.Supp.2d 273 (D. Del. 2007) ......................................................................................7

*Lebel v. Everglades Marina, Inc.*,
    115 N.J. 317 (1989) .............................................................................................................5

*Pinker v. Roche Holdings, Ltd.*,
    292 F.3d 361 (3d Cir. 2002) ................................................................................................4

*Stranahan Gear Co., Inc. v. NL Industries, Inc.*,
    800 F.2d 53 (3d Cir. 1986) ..................................................................................................4

*Toys "R" Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003) ........................................................................................... 6

*Treistman v. Tuerkheimer*,
    2018 WL 2433595 (D.N.J. May 11, 2018) ..................................................................... 7

*Vangheluwe v. Got News, LLC*,
    365 F.Supp.3d 850 (E.D. Mich 2019) ............................................................................ 7

*Vetrotex Certaineed Corp. v. Consolidated Fiber Glass Products Co.*,
    75 F.3d 147 (3d Cir. 1996) ............................................................................................. 5

*Walden v. Fiore*,
    571 U.S. 277 (2014) ....................................................................................................... 9

*Waste Mgmt., Inc. v. Admiral Ins. Co.*,
    130 N.J. 106 (1994), *cert. den.* 513 U.S. 1183 (1995) ................................................... 5

*World–Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ....................................................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 4 ....................................................................................................................... 5

Fed. R. Civ. P. 12(b)(2) ................................................................................................... *passim*

New Jersey Civil Rule 4:4-4 ................................................................................................ 2, 5

## **PRELIMINARY STATEMENT**

Christopher Torre ("Plaintiff") should not be allowed to continue this frivolous suit against defendant McKaila Coulter ("Coulter"), certainly not within the forum of New Jersey. In his Complaint, not one single fact is presented demonstrating that the District of New Jersey has jurisdiction over Coulter. The Court must dismiss pursuant to Fd. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Coulter does not reside in New Jersey. She has no agents or family in New Jersey. She does not maintain continuous, systematic contacts within the State of New Jersey. She has no personal connection to the state, has not travelled to the State of New Jersey in over four (4) years, and would be unduly burdened if forced to defend herself in litigation in New Jersey.

Even if all of the Plaintiff's allegations against Coulter are assumed to be true, with respect to the underlying social media posts at issue: (i) the social media posts do not reference the State of New Jersey; (ii) the social media posts do not refer to events that occurred in the State of New Jersey; (iii) the social media posts do not describe the actions of a New Jersey resident; (iv) the social media posts were not created in New Jersey; and (v) the social media posts were not created on a social media platform with any corporate presence in New Jersey. The Third Circuit understands that the mere world-wide accessibility of a statement made on the internet does not provide a basis for personal jurisdiction. Plaintiff' allegation that he was harmed because his employer is allegedly based out of New Jersey is not a basis in law to extend personal jurisdiction. Defendant's Complaint as to Coulter should therefore be unceremoniously dismissed pursuant to Fed. R.

Civ. P. 12(b)(2).

## STATEMENT OF FACTS

### A. Plaintiff Fails to Allege Fact Demonstrating a Nexus Between the Facts at Issue in this Case and the State of New Jersey

This case arises out of a dispute between Plaintiff and his former romantic partners, one of which is Coulter. (*See* ECF No. 1 at ¶3). In sum, Plaintiff alleges that he suffered harm as a result of truthful statements that Coulter allegedly published on her personal Twitter account and Facebook page in April 2022. (*See* ECF No. 1 at ¶43-48).

Plaintiff baldly alleges in his Complaint that this Court has personal jurisdiction over Coulter "pursuant to New Jersey Civil Rule 4:4-4" (ECF No. 1 at ¶ 12), he fails to plead a single fact to support his bald conclusion. Instead, an in-depth search of Plaintiff's Complaint only reveals *three* broad factual allegations concerning the State of New Jersey, as it pertains to any Defendant:

- "Defendants expressly aimed and purposefully directed their defamatory statements to residents of the State of **New Jersey**, knowing that the brunt of injury would be felt in New Jersey. Among other affirmative acts, Defendants launched their campaign of extortion and defamation by posting their untrue and defamatory statements about Plaintiff **on social media platforms that are openly accessible by New Jersey residents**. Upon information and belief, **at least one New Jersey resident has perceived** Defendants' defamatory statements as truthful[.]" (*See* ECF 1 at ¶12 (*emphasis added*).

- Plaintiff alleges that "Coulter's Twitter posts have attracted great attention from hundreds of people, many of whom who have perceived Ms. Coulter's statements as true . . . [and] 48. Due to the publication and dissemination of Defendants' social media posts, Mr. Torre has suffered great reputational, professional, and financial damages within the State of New Jersey." (*See* ECF 1 at ¶47 and 48).

- With respect to Coulter's social media posts – which Plaintiff acknowledged were made on a platform that is accessible to the worldwide general public – Plaintiff argues that Coulter "published or caused to publish false and defamatory statements to third parties residing in the State of New Jersey[.]" (*See* ECF 1 at ¶66).

2

Plaintiff does not allege anywhere in his Complaint that relevant action by Coulter occurred within the territorial bounds of the State of New Jersey, or that Coulter maintains a regular, systematic presence within the State of New Jersey. Instead, while Plaintiff alleges Plaintiff does not allege anywhere in his Complaint that relevant action by Coulter occurred within the territorial bounds of the State of New Jersey, or that Coulter maintains a regular, systematic presence within the State of New Jersey. Instead, while Plaintiff alleges generally that Coulter's social media posting was "directed" to the State of New Jersey, a cursory review of the subject social media posts reveals that *they do not mention* the State of New Jersey, or even make a passing reference thereto. (*See* ECF No. 1 at ¶47 and 48). Additionally, no individual or business entities were tagged in Coulter's social media posts, certainly not any individual or business entity located in New Jersey.

Coulter absolutely did not subject herself to the laws of the State of New Jersey, as her tweets were neither created in New Jersey nor did they address conduct that occurred within the State of New Jersey.

### B. Coulter Lacks even Minimum Contacts with this Forum

Even if provided the opportunity, Plaintiff *could not* plead facts demonstrating that Coulter is subject to the laws of the State of New Jersey, as Coulter wholly lacks the minimum contacts required to confer personal jurisdiction upon her.

Coulter is a permanent resident of New Bedford, Massachusetts. (*See* ECF No. 1 at ¶8; Coulter Dec.at ¶ 2-4). Previously, Coulter was in a romantic relationship with Plaintiff. (*See* Coulter Dec. at ¶ 7).

During their relationship, neither Coulter nor Plaintiff resided in the State of New Jersey. (*Id* at ¶8). Instead, during that time, both Coulter and Plaintiff resided in the State of New York

3

and, sometimes, Massachusetts. (*Id*). During their relationship, Coulter suffered significant mental and physical harm at the hands of Plaintiff, all outside of the territorial bounds of the State of New Jersey. (*Id* at ¶8).

While Coulter has, in the past, travelled to the State of New Jersey for specific personal purposes, she has not travelled to New Jersey for over four (4) years. (*Id* at ¶9-10). Thus, based upon Plaintiff's claim that the subject social media posts were made in April 2022 (ECF 1 at ¶ 47 and 48), Coulter would not have been present in the State of New Jersey at the time that the subject social media posts were made.

Coulter certifies that she has "no other connection to the State of New Jersey, no family, nothing I believe that would actually create a connection between me and the State of New Jersey." (Coulter Dec. at ¶ 11).

Undeniably, Coulter lacks permanent contacts with the State of New Jersey, and none of the facts relevant to this case occurred within the territorial bounds of the State of New Jersey. Simply put, there is no reason to force Coulter to travel across the country to defend herself. Accordingly, the Court should grant Court's motion and dismiss Plaintiff's claims against Coulter pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction.

## LEGAL ARGUMENT

### I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS AND TO DEFENDANT COULTER BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER COULTER

Pursuant to Fed. R. Civ. P. 12(b)(2), Plaintiff bears the burden of establishing that this Court has personal jurisdiction over Coulter. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361 (3d Cir. 2002) (*citing Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217 (3d Cir. 1992)). *See also Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 58 (3d Cir. 1986) (affirming

dismissal for lack of personal jurisdiction because plaintiff's cursory allegation reiterated in an affidavit was insufficient to satisfy the burden of proof). "Whether personal jurisdiction may be exercised over an out of state defendant is a question of law for the court." *Vetrotex Certaineed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996).

New Jersey state law determines whether the District of New Jersey may assert personal jurisdiction over non-resident Coulter. *See* Fed. R. Civ. P. 4. The personal jurisdiction inquiry in New Jersey "is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). *See also* R. 4:4-4; *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77 (3d Cir. 2015). Due process requires that a nonresident defendant have minimum contacts with the forum that are related to the facts of the lawsuit to be subject to specific jurisdiction there. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Unquestionably, specific jurisdiction over a defendant exists when the "cause of action arises directly out of defendant's contacts with the forum state ..." *Waste Mgmt., Inc. v. Admiral Ins. Co.*, 130 N.J. 106, 119 (1994), *cert. den.* 513 U.S. 1183 (1995). In examining specific jurisdiction, the "minimum contacts inquiry must focus on "the relationship among the defendant, the forum and the litigation". *Lebel v. Everglades Marina, Inc.*, 115 N.J. 317, 323 (1989) (*quoting Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

The requirement that a litigant "purposefully avail" themselves of a specific jurisdiction ensures that a defendant will not be hauled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) The question is whether "the defendant's conduct and connection with the forum State are

such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff has not, and cannot, meet this initial burden of establishing that this Court possesses jurisdiction over Coulter because: (i) the only relevant contact with the forum that Plaintiff alleges is insufficient and Coulter has demonstrated that she lacks all other kinds of contact with the forum; (ii) Plaintiff has not and cannot show that Coulter's alleged conduct was aimed at the forum; and (iii) extending jurisdiction over Coulter– a Massachusetts's resident with no presence in New Jersey – would not comport with the requirements of due process.

### A.    Coulter's Social Media Posts Cannot be Used to Establish Minimum Contacts with New Jersey

As Plaintiff fails to identify any specific activities that Coulter undertook in the State of New Jersey, the only possible basis for personal jurisdiction is Plaintiff's contention that Coulter published certain statements on Twitter and Facebook that, given the nature of the internet, are accessible anywhere in the world, including in New Jersey. (*See* ECF 1 at ¶47 and 48). The fact that something is published online does not, *per se*, subject it to the jurisdiction of every state.

In the Third Circuit, a non-resident defendant's use of a globally-accessible website, without more, is insufficient to establish the minimum contacts required for personal jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003).

> [T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. **Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts.**

*Id.* (*emphasis added*). *See also Harris v. Sportbike Track Gear*, 2015 WL 5648710 (D.N.J. Sept. 24, 2015) (finding no personal jurisdiction over out of state defendant, even though the defendant

6

used "United States-based social media platforms, including Facebook, Twitter, Instagram, an Youtube," to market the products at issue because the defendant did "not purposefully target New Jersey."); *Christie v. Nat'l Inst. for Newman Studies*, 258 F. Supp. 3d 494, 502 (D.N.J. 2017).

Indeed, to find the existence of personal jurisdiction, courts within the Third Circuit have required "something more" from defendants, other than the basic knowledge that their postings on the internet *could* be viewed, or that their product *could* be used in the forum state. *See, e.g., Kloth v. Christian University*, 494 F.Supp.2d 273, 279–80 (D. Del. 2007) (finding that a university did not purposefully avail itself of doing business within Delaware by using a website that advertised its "distance learning" program without "something more"); *Inno360, Inc. v. Zakta*, LLC, 50 F. Supp. 3d 587, 595 (D. Del. 2014) (finding no specific jurisdiction where the plaintiff did not provide any evidence to show that Delaware residents have in fact paid for defendant's search services or that defendant has targeted its search services at Delaware through directed marketing or otherwise); *Kepner-Tregoe, Inc. v. Tracy Learning, Inc.*, 2009 WL 235044, at *3 (D.N.J. Jan. 29, 2009); *Treistman v. Tuerkheimer*, 2018 WL 2433595 (D.N.J. May 11, 2018) ("Placing information on the internet alone 'is not sufficient by itself to subject that person to personal jurisdiction in each State in which the information is accessed'") (*citation omitted*). Other Circuits have held the same. To that end, in *Vangheluwe v. Got News, LLC*, 365 F.Supp.3d 850 (E.D. Mich. 2019), the Eastern District of Michigan held:

> **[M]erely posting a defamatory statement about the plaintiff online is not enough to hale the poster into the state where the plaintiff resides;** instead, the poster's conduct must have involved the plaintiff's state in some additional way. For instance, the internet posting might be of more interest to people in the plaintiff's state than nationally. Or, as another example, the post might be of no special interest to those in the plaintiff's state but the poster makes special effort to publicize the post there.

7

*Id.* (*citations omitted*) (*emphasis added*).

As confirmed by Plaintiff's Complaint and the social media posts themselves: (i) the social media posts do not mention the State of New Jersey; (ii) the social media posts do not reference conduct that occurred within the State of New Jersey; (iii) no efforts were made by Coulter to promote the social media posts in the State of New Jersey. Moreover – and most importantly – *even Plaintiff does not reside in the State of New Jersey*. Plaintiff asserts Coulter aimed the social media posts at his employer, allegedly a New Jersey business entity. A plain reading of the tweets shows that she did not.

Certainly, nothing in Plaintiff's Complaint, the social media posts, or any other source can demonstrate that Coulter purposefully availed herself of the laws of the State of New Jersey in any manner. Accordingly, Plaintiff cannot establish that this Court has personal jurisdiction over Coulter, and his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**B.    The Tortious Conduct Alleged was Not Aimed at the Forum**

The Third Circuit has held that personal jurisdiction based on a defendant's intentionally tortious activity will *not* be established if the plaintiff fails to demonstrate that the tortious conduct was "expressly aimed" at the forum. *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 263-266, (3d Cir. 1998). The plaintiff in *IMO* alleged that the German defendant interfered with plaintiff's attempt to sell a foreign subsidiary by sending letters to Italy and New York that threatened to revoke the defendant's licensing deal with plaintiff's subsidiary. *Id.* at 256. The Third Circuit affirmed dismissal for lack of personal jurisdiction because the plaintiff did not point to sufficient facts demonstrating that the defendant targeted its tortious conduct at New Jersey; rather the court concluded that the dispute was "focused outside the forum." *Id.* 2

Here, Plaintiff's Complaint focuses on statements published globally on Twitter about a **New York resident** that, by his own admission, engages in wrestling events worldwide. (*See* ECF 1 at ¶47 and 48). Under *IMO*, the fact that Plaintiff claims that he experienced harm from these statements in New Jersey – notwithstanding the fact that even *he* does not reside there – fails to demonstrate that Coulter directed her alleged conduct towards New Jersey. *See IMO*, 155 F.3d at 265 ("[Personal jurisdiction] requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum."). *See also, Walden v. Fiore*, 571 U.S. 277 (2014) ("mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the *defendant* has formed a contact with the forum State.") (*emphasis added*).

The social media posts at issue make no mention of New Jersey or Plaintiff's activities that took place in the State of New Jersey. (*See* ECF 1 at ¶47 and 48). *Cf. Goldhaber v. Kohlenberg*, 928 A.2d 948, 953 (N.J. Super. Ct. App. Div. 2007) (for defamation claim, finding that defendant had targeted plaintiff in New Jersey because he made specific disparaging references to plaintiff's residence in a New Jersey municipality). Plaintiff has not pled facts showing that Coulter even knew that Plaintiff works in New Jersey, let alone that Coulter targeted him there. *See IMO*, 155 F.3d at 266. ("While knowledge that the plaintiff is located in the forum is necessary [for personal jurisdiction based on intentional tortious activity] … it alone is insufficient to satisfy the targeting [requirement]."). The published social media posts at issue cannot support the inference that Coulter alleged conduct was aimed at New Jersey, or *any* forum within the United States. As such, Plaintiff's allegations of tortious conduct – specifically, the social media posts - cannot establish this Court has personal jurisdiction over Coulter. Accordingly, Plaintiff's Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2).

### C. Extending Personal Jurisdiction to Coulter over Allegations Relating to Publications Made in Massachussetts Would Otherwise Violate the Requirement of Due Process

Even where a defendant's actions satisfy the minimum contacts test, these contacts should be weighed against other factors to determine if assertion of personal jurisdiction would comport with "fair play and substantial justice." *Int'l Shoe* at 316. Factors to be weighed include (i) the burden on the defendant, (ii) the plaintiff's interest in obtaining relief in the forum, and (iii) the forum state's interest in adjudicating the dispute. *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113 (1987).

Undeniably, the Massachussetts-based Coulter faces the severe burden of defending an action in New Jersey. Indeed, Coulter has not travelled to New Jersey in over four (4) year. (*Id* at ¶9). Moreover, during their relationship, neither Coulter nor Plaintiff resided in the State of New Jersey. (*Id* at ¶8 and 9). Instead, during that time, Coulter resided in Massachussetts and Plaintiff resided in the State of New York. (*Id* at ¶9). With respect to the specific conduct at issue in the social media posts – namely, Plaintiff's mental and physical abuse towards Coulter - occurred outside of the territorial bounds of the State of New Jersey. (*Id* at ¶8).

None of the witnesses to Plaintiff's physical and mental abuse towards Coulter are located within the State of New Jersey. None of the documents relating to Plaintiff's physical and mental abuse towards Coulter are located within the State of New Jersey. *Even Plaintiff and his counsel are not located within the State of New Jersey.* Stated differently, *nothing* compels this case to be litigated in the State of New Jersey.

As Plaintiff cannot identify a *single* fact to support his contention that this Court has jurisdiction over this case, his Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2).

## CONCLUSION

For the foregoing reasons, the Court should grant Coulter's motion and dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Coulter.

Dated: September 26, 2022

By:

**HAMMERMAN ROSEN LLP**
*Attorney(s) for the Defendant McKaila Coulter*

Marvin J. Hammerman, Esq.
585 U.S. 46
Fairfield, New Jersey 07004
Email: marvin@hammermanrosen.com
Telephone:   (973) 227-1415
Facsimile:    (201) 781-5682