DAVID D. LIN (02846-2003)
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
David@iLawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326

*Attorneys for Plaintiff Christopher Torre*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER TORRE,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTINA KARDOONI, and MCKAILA COULTER,<br><br>    Defendants. | Case No.: 2:22-cv-04693-SDW-MAH |

## PLAINTIFF'S MEMORANDUM IN LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................1

**ARGUMENT** ..................................................................................................................2

    I. Plaintiff Has Presented a Prima Facie Case that Defendants' Aimed their Conduct at the

    Forum to Render Personal Jurisdiction ...........................................................................2

    II.  Extending Personal Jurisdiction Over the Defendants Comports with Due Process.....5

    III. Plaintiff Has Sufficiently Pleaded a Claim for False Promotion in Violation of the

    Lanham Act Under 15 U.S.C. § 1125(a)(1)(B) ...............................................................7

    IV.    Defendants' Exhibtis Are Irrelevant to the Determination of the Jurisdictional

    Issues...............................................................................................................................9

**CONCLUSION** ............................................................................................................11

i

## TABLE OF AUTHORITIES

**Cases**

*Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987)...................................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................11

*Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66–67 (1983) ...........................................12

*Calder v. Jones*, 465 U.S. 783 (1984).......................................................................................6

*Canfield Sci., Inc. v. Melanoscan, LLC*, No. CV 16-4636, 2017 WL 2304644 (D.N.J. May 25, 2017) .................................................................................................................................11, 12

*Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494 (D.N.J. 2017)..........................7

*Gordon & Breach Sci. Publishers, S.A. v. Am. Inst. Of Physics*, 859 F. Supp. 1521 (S.D.N.Y. 1994) ....................................................................................................................................11

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ..................................................................6

*JNL Mgmt., LLC v. Hackensack Univ. Med. Ctr.*, No. CV185221ESSCM, 2019 WL 1951123 (D.N.J. May 2, 2019) ...........................................................................................................14, 15

*Lee v. TMZ Prods. Inc.*, No. CIV. 2:15-00234 WJM, 2015 WL 5638081 (D.N.J. Sept. 24, 2015) .......................................................................................................................................15

*Marten v. Godwin*, 499 F.3d 290 (3d Cir. 2007) .......................................................................8

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004) ..................................................6

*NR Media, Inc. v. Too Much Media*, No. CIV.A. 06-3988JAP, 2008 WL 544670 (D.N.J. Feb. 26, 2008) ..................................................................................................................................6

*Pennzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197 (3d Cir. 1998) ......................9, 10

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192 (3d Cir. 1993) ..14, 15

*Pinker v. Roche Holdings Ltd.*, 292 F.3d 361 (3d Cir. 2002) ....................................................9

*Remick v. Manfredy*, 238 F.3d 248 (3d Cir. 2001) ...............................................................6, 7

*Sanofi-Aventis U.S. LLC v. Novo Nordisk, Inc.*, No. CV 06-1369 (MLC), 2006 WL 8457950 (D.N.J. June 23, 2006) ......................................................................................................11, 12

ii

*Schmidt v. Skolas*, 770 F.3d 241 (3d. Cir. 2014) ....................................................15

*U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914 (3d Cir. 1990)...12

*Wakefern Food Corp. v. Marchese*, No. 2:20-CV-15949-WJM-MF, 2021 WL 3783259

    (D.N.J. Aug. 26, 2021)..........................................................................................13

**Statutes**

15 U.S.C. § 1125(a)(1)(B) ...........................................................................................11

Fed.R.Civ.P. 4(k) .........................................................................................................6

New Jersey Court Rule 4:4–4(b).................................................................................6

Plaintiff Christopher Torre ("Plaintiff" or "Torre"), through his undersigned counsel, hereby submits his opposition to Defendant Christina Kardooni's ("Kardooni's") Motion to Dismiss ("Kardooni MTD") [ECF No. 16] and McKaila Coulter's ("Coulter's") Motion to Dismiss ("Coulter MTD") [ECF No. 17]. Defendants Kardooni and Coulter are collectively referred to as "Defendants."

## PRELIMINARY STATEMENT

Plaintiff Christopher Torre is a professional wrestler who has gradually built up his name and reputation within the domestic and international professional wrestling community over the past two decades.  Known by his ring name of "Chris Dickinson," Mr. Torre debuted in the State of New Jersey in or around 2002, and has since been building his career and reputation around the New Jersey area. *Id.*

Defendants Kardooni and Coulter are two aggrieved ex-girlfriends of Mr. Torre, who have joined together to destroy his reputation in the New Jersey and international wrestling communities.  Together, they leveraged the social media reach of Ms. Kardooni—who herself is a professional wrestler—to create the widest possible distribution for their false allegations of sexual misconduct against Mr. Torre, including into the State of New Jersey. By purposefully directing their targeted attacks into the State of New Jersey and causing harm to Mr. Torre's reputation there, Defendants subjected themselves to personal jurisdiction in New Jersey, whose long-arm statute reaches to the full extent of the Due Process Clause of the Constitution.

Further, Ms. Kardooni's false attacks on Mr. Torre, made on her social media account to promote her competing wrestling persona, constitute false advertising and promotion under the U.S. Lanham Act.  Accordingly, Defendants' motions to dismiss should be denied.

1

## ARGUMENT

### I.     Plaintiff Has Presented a Prima Facie Case that Defendants' Aimed their Conduct at the Forum to Render Personal Jurisdiction

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish "a prima facie case of personal jurisdiction" and "establish[ ] jurisdictional facts through sworn affidavits or other competent evidence." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97, 101 n.6 (3d Cir. 2004). Where the district court does not hold an evidentiary hearing, a plaintiff need only establish a "prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Id*. at 97.

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *NR Media, Inc. v. Too Much Media*, No. CIV.A. 06-3988JAP, 2008 WL 544670, at *3 (D.N.J. Feb. 26, 2008); *see also* Fed.R.Civ.P. 4(k). The New Jersey long-arm rule, New Jersey Court Rule 4:4–4(b), "extends to the limits of the Fourteenth Amendment Due Process [Clause] protection." Under the due process inquiry, a district court needs to determine whether a defendant has "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be established via a defendant's claim-specific contacts with the forum. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). The Third Circuit has adopted the United States Supreme Court's "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984) to find personal jurisdiction over a nonresident defendant. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(2), a plaintiff can establish personal jurisdiction over the defendant by showing: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be

2

the focal point of the harm suffered by the plaintiff as a result of the tort; and (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. *Remick,* 238 F.3d at 258. To show that the defendant "expressly aimed their tortious conduct at the forum, a plaintiff "must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.*; *Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 502 (D.N.J. 2017).

Here, Plaintiff satisfies all three elements under the *Calder* test to establish personal jurisdiction in this forum over both Defendants. First, Plaintiff pleads that both Defendants, by creating and publishing social media posts, which contain untrue statements about Plaintiff and accuse Plaintiff of the serious crime of assault and battery, engaged in the intentional tort of defamation. Complaint ¶¶ 28-34, 43-45, 63-70. Second, Plaintiff also pleads the significant harm, both in reputation and financially, that he has suffered due to Defendant's defamatory statement. Specifically, Plaintiff, though not a New Jersey resident, has his major area of business in the State of New Jersey. Complaint ¶¶ 15-16; Declaration of Christopher Torre ("Torre Decl.") ¶ 2. Plaintiff relies on a New Jersey-based wrestling promotion, Game Changer Wrestling ("GCW"), to promote himself and develop his professional contacts, Complaint ¶¶ 17-18; Torre Decl. ¶ 5, and GCW terminated its business relationship with Plaintiff following Defendants' campaign of defamation. Complaint ¶ 49; Torre Decl. ¶¶ 19-21. Thus, Plaintiff has established the brunt of his harm in the State of New Jersey. Lastly, Plaintiff's allegations show that Defendants aimed their false attacks at the forum. New Jersey is a longstanding major base for the professional wrestling business on the east coast. Complaint ¶ 19. Plaintiff's major area of business is in New Jersey, and he relies on GCW to promote himself and develop his professional contacts. Complaint ¶¶ 17-18;

Torre Decl. ¶ 5. Both Defendants knew of the geographical focus of Plaintiff's business and his professional connection to GCW. Complaint ¶¶ 25, 40; Torre Decl. ¶¶ 12, 15. Given that New Jersey was the home base of Plaintiff's business, and the state attracts both wrestlers and promoters to its robust wrestling industry (Complaint ¶ 19), Kardooni, by "tagging" two individuals that have close business connections with Plaintiff in the wrestling industry, attracted the attention from these individuals who are capable of impacting Plaintiff's business connections. Complaint ¶¶ 35-38. Moreover, Kardooni contacted one of the persons she "tagged," Mr. David Marquez to spread her defamatory words. Torre Decl. ¶ 16. Her contact of Mr. Marquez, who conducts business regularly in New Jersey and is a business contact of Plaintiff, presents a specific and targeted act towards New Jersey. *See* Torre Decl. ¶¶ 15-18. Similarly, Coulter, by making several references to the wrestling industry and Plaintiff's "wrestling persona" in her defamatory posts, showed her intention to direct her readers' attention not only to Plaintiff's private life but also to his career in the wrestling industry, which is well-based in New Jersey. Complaint ¶ 45; Torre Decl. ¶¶ 15, 18. Moreover, Defendants' conduct of implicating Plaintiff's wrestling career, which they both know is home-based in New Jersey, has caused significant harm to Plaintiff. After hearing of Defendants' defamatory statements, GCW, the New Jersey-based promotion, terminated its business relationship with Plaintiff. Complaint ¶ 49; Torre Decl. ¶¶ 19-21. GCW's conduct created a ripple effect which caused more companies to terminate their relationship with Plaintiff. Complaint ¶¶ 50-53; Torre Decl. ¶¶ 22, 23. Therefore, Plaintiff has sufficiently pleaded Defendants' aiming at New Jersey based on their knowledge of Plaintiff's career and connections within the forum state, their conduct of appealing to those who are connected to or interested in Plaintiff's professional life as a wrestler, and their knowledge of the likelihood of causing significant harm to Plaintiff's career in New Jersey.

Defendants' argument that Plaintiff is a New York resident is misleading. As the Third Circuit acknowledges, a plaintiff's residence is relevant to but not decisive for the jurisdictional inquiry. *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007) (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 780, 104 S. Ct. 1473, 1481, 79 L. Ed. 2d 790 (1984)). As set forth above, Plaintiff has pleaded sufficient facts as to Defendants' targeting conduct at New Jersey beyond the mere allegation that Plaintiff's career is based in New Jersey. Accordingly, this Court should find personal jurisdiction over both Defendants and dismiss their Motions to Dismiss.

## II.   Extending Personal Jurisdiction Over the Defendants Comports with Due Process

When conducting the "fairness" analysis under the due process inquiry, courts in the Third Circuit consider factors set forth in *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987), including "the burden on defendant, the interests of the forum state, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in efficient resolution of disputes, and the shared interest of the states in furthering fundamental substantive social policies." *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 207 (3d Cir. 1998); *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 370 (3d Cir. 2002).

Here, Defendants focus heavily on the fact of the parties' residency to argue that Plaintiff's commencement of this action in New Jersey violates the due process requirement. Defendants' argument is off the mark. First, defending this action does not place a severe burden on either Defendant. Though Kardooni currently resides in Canada, she admits that she used to reside in the State of New York, traveled to New Jersey for business purposes, and still has family connections in the State of California. *See* Kardooni MTD at 4-5. Coulter resides in a nearby state, Massachusetts, at all relevant times. *See* Coulter MTD at 10. The situation here is unlike *Asahi*, where a Japanese defendant would have to travel to the United States and contend with a foreign legal system, Defendants in this case are required to travel

5

to a state nearby to defend this lawsuit in a legal system they are familiar with. *See Pennzoil*, 149 F.3d at 208. Therefore, Defendants will not endure an unreasonable inconvenience by litigating this matter in New Jersey.

Second, Plaintiff has great interest in obtaining a relief for his damages suffered within the State of New Jersey. As elaborated in the Complaint and above, Plaintiff has suffered great loss in reputation and financially from the termination of his business relationship in New Jersey, and the loss continues to grow as Defendants' defamatory statements stay online. Complaint ¶¶ 81, 82. On the other hand, Defendants appear to misdirect the inquiry by pointing to events not pleaded or implied in the Complaint—*i.e.*, that Plaintiff's allegedly abusive conduct took place in New York, not in New Jersey. *See* Kardooni MTD at 11; Coulter MTD at 10. However, Defendants, by introducing distracting facts outside the Complaint, overlook Plaintiff's deep connections to New Jersey and his great needs to alleviate the harm resulting from Defendants' defamation. Therefore, this factor weighs in favor of Plaintiff.

Finally, the interstate judicial system's interest in the efficient resolution of disputes and the shared interest of the states in furthering fundamental substantive social policies also weigh in Plaintiff's favor. Defendants argue that none of the witnesses or documents related to the alleged Plaintiff's "abuse" are located within New Jersey. However, Defendants do not bring any counterclaims or raise any defense about such alleged conduct. This case, as Plaintiff pleads, arises from damages to Plaintiff's reputation and career resulting from Defendants' defamatory statements, and Plaintiff sets forth facts that could lead to discovery within New Jersey. Complaint ¶¶ 15, 17-19, 49-50. In other words, Plaintiff's professional connections in New Jersey, the damages he has suffered therein, and any potential witnesses located in New Jersey that could attest to the underlying event of this action compel this case to be litigated in New Jersey. Moreover, New Jersey has an interest in this dispute because

the alleged harm to Plaintiff occurred within the state (Complaint ¶¶ 18, 49), and New Jersey

is a major base for the professional wrestling business (Complaint ¶ 19). Therefore, these

fairness factors also weigh in Plaintiff's favor. *See Pennzoil*, 149 F.3d at 208. If this action

could not proceed in this District, Plaintiff would be forced to file separate lawsuits against

each Defendant in their residing states that Plaintiff has no major connections to or damages

suffered therein, causing greater difficulty in conducting discovery for Plaintiff's claims.

Accordingly, the Court should deny both Defendants' motions to dismiss Plaintiff's

defamation claim.

### III.   Plaintiff Has Sufficiently Pleaded a Claim for False Promotion in Violation of the Lanham Act Under 15 U.S.C. § 1125(a)(1)(B)

A judge ruling on a defendant's motion to dismiss a complaint "must accept as true all

of the factual allegations contained in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 572 (2007). Plaintiff respectfully refers this Court to his Complaint (ECF No. 1)

("Complaint") and the facts alleged therein for the purposes of Kardooni's Motion to Dismiss

Plaintiff's Lanham Act claim and Plaintiff's Opposition.

The Lanham Act provides civil liability for any person, who "in commercial

advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic

origin of his or her or another person's goods, services, or commercial activities[.]" 15 U.S.C.

§ 1125(a)(1)(B).  This District has applied the four-prong test from *Gordon & Breach Sci.*

*Publishers, S.A. v. Am. Inst. Of Physics*, 859 F. Supp. 1521 (S.D.N.Y. 1994) to decide that the

disputed representations may constitute "commercial advertising or promotion" if they are:

(1) commercial speech; (2) made by a defendant who is in commercial competition with the

plaintiff; (3) for the purpose of influencing consumers to purchase the defendant's goods or

services; and (4) disseminated sufficiently to the relevant purchasing public to constitute

"advertising" or "promotion" within that industry. *Canfield Sci., Inc. v. Melanoscan, LLC*,

No. CV 16-4636, 2017 WL 2304644, at *9 (D.N.J. May 25, 2017); *Sanofi-Aventis U.S. LLC*

*v. Novo Nordisk, Inc.*, No. CV 06-1369 (MLC), 2006 WL 8457950, at *10 (D.N.J. June 23, 2006). "Commercial speech" may be broadly defined as an expression related to the economic interest of the speaker and its audience. *U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 933 (3d Cir. 1990) (citing *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66–67 (1983)). The Supreme Court has cited three factors to consider in deciding whether a speech is commercial: (1) is the speech an advertisement; (2) does the speech refer to a specific product or service; and (3) does the speaker have an economic motivation for the speech. *Bolger*, 463 U.S. at 66–67; *Canfield Sci., Inc*, 2017 WL 2304644, at *9. However, "it is not necessary that each of the characteristics '[is] present in order for speech to be commercial.'" *Canfield*, 2017 WL 2304644, at *9 (citing *Bolder*, 463 U.S. at 67, n. 14). Additionally, regarding the fourth element, "the required level of circulation and the relevant 'consuming' or 'purchasing' public addressed by the dissemination of false information will vary according to the specifics of the industry." *Sanofi-Aventis*, 2006 WL 8457950, at *10.

Taking all the factors into consideration, Plaintiff sufficiently alleges a false promotion claim. Though Kardooni's social media posts are not advertisements in the conventional sense, they present a false image of Plaintiff who is accused of being hostile towards female wrestlers, including herself. Complaint ¶¶ 23, 25, 31. Kardooni's statements wrongfully suggest that Plaintiff had improper thoughts about his fellow wrestlers in the same industry. Moreover, by "tagging" two individuals that are closely related to Plaintiff in the wrestling industry, Kardooni brought her false statements about Plaintiff to those that would impact Plaintiff's career. Complaint ¶¶ 35-38. Overall, Kardooni, as a competitor wrestler in the same industry as Plaintiff, published false statements concerning Plaintiff to their fellow wrestlers, promoters, and fans, which can be reasonably interpreted as satisfying the economic motivation requirement. *See Canfield Sci., Inc.*, 2017 WL 2304644, at *10

8

(finding that the defendants' attorney's letters, though not an advertisement, alleged patent infringement by the plaintiff and asked the letter recipient to refrain from doing business with the plaintiff, and thus were "commercial speeches").

As for the other prongs under the *Gordon* test, Plaintiff pleads that Kardooni is a competing professional wrestler in the same industry. Complaint ¶ 23.Kardooni's false charges were not simply public statements about a personal relationship.  By "tagging" multiple key individuals in the wrestling community, Kardooni sought to publicize her allegations of "abuse" to Plaintiff's promoters, which foreseeably resulted in Plaintiff's lost business opportunities. Complaint ¶¶ 35-38, 51. It can be reasonably inferred from the pleading that Kardooni disseminated her defamatory words to individuals that have business relationships with Plaintiff with the intent to interfere with such relationships. *Compare Wakefern Food Corp. v. Marchese*, No. 2:20-CV-15949-WJM-MF, 2021 WL 3783259, at *4 (D.N.J. Aug. 26, 2021) (dismissing the false promotion claim because the plaintiff did not allege that the false advertising actually reached consumers of the relevant products rather than some non-consuming party). Thus, Plaintiff has sufficiently pleaded Kardooni's social media posts as "commercial speeches" to survive her motion to dismiss under Fed. R. Civ. P. 12(b)(6).

**IV.     Defendants' Exhibtis Are Irrelevant to the Determination of the Jurisdictional Issues**

Both Defendants introduce and refer to their exhibits attached to their Motions to Dismiss, where each Defendant describes one incident of Plaintiff's allegedly abusive conduct. Kardooni through her declaration attaches a picture of her showing her injury inside her mouth to claim that Plaintiff struck her in the face and caused a laceration (*see* ECF No. 16-1). Similarly, Coulter through her declaration attaches a screenshot of her messages with Plaintiff, where Plaintiff appears to apologize for pushing Coulter (*see* ECF No. 17-2, 17-6). With such exhibits, both Defendants claim that the underlying "abusive" conduct occurred

9

outside the State of New Jersey. Defendants appear to argue that Plaintiff's conduct outside

New Jersey does not confer personal jurisdiction over Defendants in the forum state.

Defendants' exhibits are irrelevant to the jurisdictional analysis at issue. As discussed

in detail above, Plaintiff can establish personal jurisdiction over Defendants by showing that

(1) Defendants committed an intentional tort; (2) Plaintiff felt the brunt of the harm in the

forum such that the forum can be said to be the focal point of the harm suffered by the

plaintiff as a result of the tort; and (3) Defendant expressly aimed his tortious conduct at the

forum such that the forum can be said to be the focal point of the tortious activity. *Remick*,

238 F.3d at 258. Defendants' exhibits do not negate the facts, as Plaintiff pleads and declares,

that they have caused their defamatory statements to be disseminated in New Jersey and

brought harm to Plaintiff therein. While Defendants' exhibits might support a finding of

personal jurisdiction in another state, the existence of another available venue does not

exclude New Jersey from asserting proper jurisdiction over Defendants. Defendants appear to

take the public nature of their filings to introduce inflammatory exhibits that have no

contribution for ruling on the personal jurisdiction issue.

Nor is Kardooni's exhibit properly introduced to support her Motion to Dismiss under

Fed. R. Civ. 12(b)(6) to any extent that Kardooni relies on her exhibit to rebut Plaintiff's

claims. Generally, a district court ruling on a motion to dismiss may not consider matters

extraneous to the pleadings." *JNL Mgmt., LLC v. Hackensack Univ. Med. Ctr.*, No.

CV185221ESSCM, 2019 WL 1951123, at *3 (D.N.J. May 2, 2019) (citing *W. Penn*

*Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n.6 (3d Cir. 2010)). It is widely

accepted that on a motion to dismiss under Rule 12(b)(6), a district court may only consider,

besides the complaint, exhibits attached to the complaint and matters of public record.

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

A court may also consider an undisputedly authentic document that a defendant attaches as an

10

exhibit to a motion to dismiss if the plaintiff's claims are based on the document. *Id.* A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." *Lee v. TMZ Prods. Inc.*, No. CIV. 2:15-00234 WJM, 2015 WL 5638081, at *3 (D.N.J. Sept. 24, 2015) (internal citations omitted). The Third Circuit defines "public record" narrowly for the purposes of a motion to dismiss, essentially requiring that the document be a publicly available government record. *Pension Ben. Guar. Corp.*, 998 F.2d at 1197 (3d Cir. 1993) (defining public records to include "criminal case dispositions such as convictions or mistrials, letter decisions of government agencies, and published reports of administrative bodies"). The mere fact that a document is "public" or "publicly available" does not make it a "matter of public record." *See, e.g., Schmidt v. Skolas*, 770 F.3d 241, 249–50 (3d. Cir. 2014); *JNL*, 2019 WL 1951123, at *4 (finding that newspapers are not "matters of public record") (internal citations omitted).

Here, Kardooni's photo attached to her Motion to Dismiss is not of public record or publicly available, nor has Kardooni showed that this exhibit was authenticated or should be taken judicial notice for the purposes of her Motion to Dismiss. Moreover, her exhibit is not integral or explicitly referenced in the Complaint. Plaintiff's claims arise from Kardooni's social media postings, not from her private photograph. The Complaint made no reference to Kardooni's exhibit. Therefore, Kardooni's introduction of her exhibit is improper on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court to deny both Defendants' Motions to Dismiss.

Dated: Brooklyn, New York
      October 24, 2022

                           Respectfully submitted,

                           LEWIS & LIN, LLC

　　　　　　　　　　　　　　　　　　　_/s/ David D. Lin_____
　　　　　　　　　　　　　　　　　　　David D. Lin (02846-2003)
　　　　　　　　　　　　　　　　　　　77 Sands Street, 6th Floor,
　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11201
　　　　　　　　　　　　　　　　　　　David@ilawco.com
　　　　　　　　　　　　　　　　　　　Tel. (718) 243-9323
　　　　　　　　　　　　　　　　　　　Fax: (718) 243-9326

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*