UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER TORRE, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>CHRISTINA KARDOONI, et al., :<br>:<br>Defendants. : | Case No. 2:22-cv-04693-SDW-MAH |

**DEFENDANT CHRISTINA KARDOONI'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

FOX ROTHSCHILD LLP
49 Market Street
Morristown, New Jersey 07960
Telephone: 973-994-7819
Fax: 973-992-9125

**Of Counsel and on the Brief**

Jordan B. Kaplan, Esq.

139456732.1

**TABLE OF CONTENTS**

                                                      **Page**

TABLE OF AUTHORITIES ............................................................................................... ii

LEGAL ARGUMENT ......................................................................................................... 2

POINT I PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE HE CANNOT DEMONSTRATE THAT KARDOONI IS SUBJECT TO THE JURISDICTION OF THIS COURT ...................................................................... 2

    A.    Plaintiff's Complaint Should Be Dismissed Because Plaintiff Cannot Demonstrate That Kardooni "Expressly Aimed" Her Conduct at The State Of New Jersey ............................................................................................... 3

    B.    Plaintiff's Complaint Should Be Dismissed Because He Failed to Demonstrate that New Jersey is the "Focal Point" of Any Harm he Allegedly Suffered ................................................................................................... 6

POINT II PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS FUNDAMENTALLY UNFAIR TO FORCE A CANADIAN RESIDENT THAT LACKS MINIMUM CONTACTS WITH THIS FORUM TO LITIGATE IN NEW JERSEY ............................................................................................................... 8

POINT III PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE LANHAM ACT DOES NOT APPLY NON-COMMERCIAL PERSONAL SPEECH ............................................................................................................. 10

POINT IV KARDOONI'S DECLARATION AND EXHIBIT ARE APPROPRIATE FOR CONSIDERATION ON A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) ........................................................................................................... 12

CONCLUSION .................................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Benitez v. JMC Recycling Systems, Ltd.*,
  97 F. Supp. 3d 576 .................................................................................................12

*Bolger v. Young Drug Prods Corp.*,
  463 U.S. 60 (1983) ..................................................................................................10

*Burger King Corp v. Rudzewicz*,
  471 U.S. 462 (1985) ..............................................................................................2, 8

*Calder v. Jones*,
  465 U.S. 783 (1984) ........................................................................................ passim

*Canfield Scientific Inc. v. Melanoscan, LLC*,
  2017 WL 2304644 (D.N.J. May 25, 2017) .............................................................11

*ESAB Group Inc. v. Centricut, Inc.*,
  126 F.3d 617 (4th Cir. 1997) ....................................................................................4

*Giangola v. Walt Disney World Co.*,
  753 F. Supp. 148 (D.N.J. 1990) ................................................................................8

*Hanson v. Denckla*,
  357 U.S. 235 (1958) ..................................................................................................8

*IMO Indus. v. Kiekert AG*,
  155 F.3d 254 (3d Cir. 1998) ............................................................................3, 4, 6

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ..................................................................................................2

*Konowicz v. Carr*,
  838 Fed. Appx. 1 (3d Cir. 2020) .......................................................................11, 12

*Machulsky v. Hall*,
  210 F. Supp. 2d 531 (D.N.J. 2002) ...........................................................................5

*Noonan v. Winston Co.*,
  135 F.3d 85 (1st Cir.1998) ........................................................................................6

*Patterson v. Fed. Bureau of Investigation*,
  893 F.2d 595 (3d Cir. 1990) .....................................................................................5

*Remick v. Manfredy*,
    238 F.3d 248 (3d Cir. 2001)..........................................................................................4

*U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*,
    898 F.2d 914 (3d Cir. 1990)........................................................................................11

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980).....................................................................................................3

**Statutes**

Fed. R. Civ. P. 12(b)(2)............................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6).....................................................................................2, 13, 14

15 U.S.C. 1125(a)(1)(B) .......................................................................................................1

**Other Authorities**

5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1351 (3d
    ed.) ............................................................................................................................12

**PRELIMINARY STATEMENT**

Kardooni has clearly demonstrated, through the submission of a supporting declaration and annexed exhibit, that she lacks minimum contacts with the State of New Jersey and that it would be unfair to force her to litigate in this forum. Plaintiff does not, and cannot, seriously dispute those facts. Instead, Plaintiff suggests that Kardooni should be subject to the jurisdiction of this Court under the "effects" test set forth in *Calder v. Jones*, 465 U.S. 783 (1984), arguing that jurisdiction in New Jersey is appropriate because Kardooni "intentionally targeted" the State of New Jersey in the social media posts that are the subject of Plaintiff's Complaint. Notwithstanding his broad assertion, Plaintiff fails to identify *any* facts to support his argument, or otherwise satisfy the *Calder* test. He does not, and cannot, identify specific activity demonstrating that Kardooni "expressly aimed" conduct towards New Jersey. Moreover, in light of his repeated allegation, that he suffered harm "nationwide," Plaintiff cannot show that the "brunt of his alleged harm" was suffered in New Jersey. By all accounts, Plaintiff cannot satisfy the *Calder* test, and cannot demonstrate that this Court has jurisdiction over Kardooni, or that it would be fair to force a Canadian resident, with no ties to New Jersey, to litigate here. Accordingly, his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Plaintiff also fails to rebut Kardooni's showing, that the subject social media posts *are not* "commercial speech," and not subject to the Lanham Act, 15 U.S.C. 1125(a)(1)(B). On their face, it is clear that the social media posts are not advertisements (which Plaintiff admits), they do not promote a product or event, and their publication was not economically motivated. Plaintiff fails to offer any fact or citation to law to refute these facts. Instead, Plaintiff baldly argues that, in light of his mere participation in the same industry as Kardooni, Kardooni's social media posts which discuss her personal relationship with Plaintiff subject her to liability under the Lanham Act.

1

Plaintiff's argument is without merit, as the Third Circuit has squarely rejected Plaintiff's argument. Thus, to the extent that the Court retains jurisdiction over this case – which it should not – Count One of Plaintiff's Complaint, alleging violation of the Lanham Act, should be dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE HE CANNOT DEMONSTRATE THAT KARDOONI IS SUBJECT TO THE JURISDICTION OF THIS COURT**

Plaintiff concedes that Kardooni is not subject to the jurisdiction of the District of New Jersey through the traditional tests set forth in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and *Burger King Corp v. Rudzewicz*, 471 U.S. 462 (1985). Instead, Plaintiff relies entirely upon the "effects" test set forth in *Calder v. Jones*, 465 U.S. 783 (1984), arguing that the "effects" of the underlying social media posts somehow subject Kardooni to the jurisdiction of a state in which even *Plaintiff* does not reside. Plaintiff's argument is wholly without merit and should be rejected.

In *Calder*, the Supreme Court found that the defendants (residents of Florida) had subjected themselves to the jurisdiction of the State of California when they published a defamatory statement in their magazine, despite lacking the traditional "minimum contacts" with the state. Specifically, the Court found that: (i) the plaintiff (who was the subject of the publication) was a resident of the State of California and worked exclusively in California; (ii) a disproportionate percentage of the defendants' publication was circulated within the State of California; and (iii) the defendants had expressly reached out to plaintiff, who was present in the State of California, prior to publishing the subject defamatory statement. Under these specific circumstances, the Court concluded that jurisdiction was proper in California because the defendants' "intentional, and allegedly tortious actions were expressly aimed at California[,]" and that the defendants "knew

2

that the brunt of that injury would be felt by [plaintiff] in the State in which she lives and works." *Calder* at 789 – 790. Stated differently, the Court found that jurisdiction exists where: (i) the defendant committed an intentional tort; (ii) the plaintiff felt the brunt of the harm in the forum, such that the forum is the focal point of the harm suffered; and (iii) the defendant expressly aimed their tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity. *Id.*

Undeniably, Plaintiff fails to satisfy the elements of the *Calder* test. As a result, Plaintiff cannot establish that this Court has jurisdiction over Kardooni, and his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**A.     Plaintiff's Complaint Should Be Dismissed Because Plaintiff Cannot Demonstrate That Kardooni "Expressly Aimed" Her Conduct at The State Of New Jersey**

The most important element of the *Calder* test is the requirement that the plaintiff demonstrate that the defendant's conduct was "expressly aimed" at the subject forum. To this end, the Supreme Court has repeatedly held that "the foreseeability that is critical to [the] due process analysis is … that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). Thus, if a plaintiff fails to establish that a defendant's conduct was "expressly aimed" at the subject forum, then jurisdiction is not proper, even if the other elements of the *Calder* test are satisfied. *See e.g. IMO Indus. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998).

In order to demonstrate that the defendant "expressly aimed" their conduct at the subject forum, the plaintiff must conclusively demonstrate, through competent evidence, that "the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to **specific activity** indicating that the defendant expressly aimed its tortious

3

conduct at the forum." *Id* at 266 (*emphasis added*).  If the plaintiff fails to demonstrate that the defendant "'manifest[ed] behavior intentionally targeted at and focused on' the forum," the plaintiff has failed to satisfy its burden under the *Calder* test.  *Id.* at 265 (*quoting ESAB Group Inc. v. Centricut, Inc*., 126 F.3d 617, 625 (4th Cir. 1997)).  *See also Remick v. Manfredy*, 238 F.3d 248 (3d Cir. 2001) (dismissing claim for lack of personal jurisdiction where the defendants sent a defamatory letter that was read by plaintiff's Pennsylvania co-workers and made statements to plaintiff's professional community, because plaintiff provided "no indication that the [defamatory] letter was targeted at … anyone in Pennsylvania other than [plaintiff.]")[1].

In both his Complaint and opposition papers, Plaintiff fails to present any facts establishing that Kardooni "expressly targeted" the State of New Jersey.  Unlike the plaintiffs in *Calder*[2], who established California as the proper jurisdiction based upon their residency, here, Plaintiff is a resident of the State of New York, *not New Jersey.*  (*See* ECF No. 1 at ¶7).  Additionally, unlike the facts in *Calder*, where the defendant subjected themselves to the court's jurisdiction by calling individuals located in California prior to publication, no such facts are present here.  Instead, Plaintiff alleges – based upon hearsay alone – that Kardooni contacted David Marquez, an individual that is based in Hollywood, California, concerning the subject social media posts.  (*See* ECF No. 18-1 at ¶8 and 16).  Plaintiff does not allege that Kardooni contacted *anyone* within the State of New Jersey concerning the social media posts.

---

[1] Thus, Plaintiff's reliance upon the Third Circuit's decision in *Remick* in his opposition brief is misplaced.  (*See* ECF No. 18 at p. 2).

[2] In *IMO Industries, Inc. v. Kiekert AG,* 155 F.3d 254 (3d Cir. 1998), the Third Circuit held that "*Calder's* holding cannot be severed from its facts."  Thus, a comparison of the facts examined in *Calder* to the facts present here is critical to the analysis as to whether personal jurisdiction is proper here.

This case is also distinguishable from the facts analyzed in *Calder*, in that Plaintiff repeatedly admits that he conducts business "across the country," such that his reputation and business is not synonymous with the State of New Jersey. In fact, Plaintiff's opposing declaration states on *five separate occasions* that he conducts business "both in New Jersey and across the nation." (*See* ECF No. 18-1 at ¶4, 5, 12, 15, and 23). Thus, Plaintiff's argument – that he suffered harm in the State of New Jersey *and nationwide* – is insufficient to establish that Kardooni's social media posts "specifically targeted" the State of New Jersey.

In addition to the fact that *Calder* is readily distinguishable from the facts here, Plaintiff does not identify *any* facts showing that Kardooni "expressly targeted" the State of New Jersey[3]. Indeed, it is undisputed that the underlying social media posts neither mention the State of New Jersey, nor reference any resident of or business located in the State of New Jersey. (*See* ECF No. 1 at ¶28 - 32). Instead, the social media posts reference businesses, individuals, and conduct that are *outside* of the State of New Jersey, such as:

- The social media posts state that Kardooni and Plaintiff resided together in Staten Island, New York, where Plaintiff committed the underlying abusive conduct. (*Id.*).

- The social media posts identify two individuals other than Plaintiff: David Marquez and Rocky Romero. (*See* ECF No. 1 at ¶35). Neither of those individuals operate businesses that are headquartered in New Jersey. David Marquez operates Championship Wrestling from Hollywood, based in California. (*See* ECF No. 1 at ¶36). Rocky Romero operates New Japan Professional Wrestling, based in Japan. (*See* ECF No. 1 at ¶20 and 37).

- The social media posts reference two separate wrestling organizations: (i) Dragon Gate USA, a professional wrestling promotion that maintains headquarters in

---

[3] On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), a plaintiff must respond with actual proof that the defendant is subject to jurisdiction, not mere allegations. *See e.g. Machulsky v. Hall*, 210 F. Supp. 2d 531, 537 (D.N.J. 2002) (*quoting Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603–04 (3d Cir. 1990)). Thus, Plaintiff's conclusory allegation that "Kardooni knew of, and still knows of, Plaintiff's connections to specific wrestling organizations" (ECF No. 18-1 at ¶12), should be disregarded.

Philadelphia, Pennsylvania; and (ii) Evolve, a professional wrestling promotion that, in 2020, was purchased by WWE, a publicly traded corporation based in Stamford, Connecticut. (*See* ECF No. 1 at ¶28 - 32). Neither of those entities are based in New Jersey.

In light of the absence of *any* facts showing that Kardooni "expressly aimed" conduct towards the State of New Jersey, Plaintiff argues that, since he felt the effect of harm in New Jersey, that alone is enough to establish specific jurisdiction. However, this argument was already considered and expressly rejected by the Third Circuit in *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 261-63 (3d Cir. 1998). In *IMO Indus.*, the Third Circuit considered the *Calder* test, concluding that *Calder* and its progeny "all stand for the proposition that the mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy *Calder*." *Id.* at 263. *See also Noonan v. Winston Co.*, 135 F.3d 85, 90–91 (1st Cir.1998) (holding that *Calder* test was not satisfied because defendants did not target forum even though plaintiffs felt tortious effect there). Thus, Plaintiff's repeated argument – that he suffered harm in New Jersey – cannot, standing alone, impose jurisdiction upon Kardooni.

Undeniably, Plaintiff cannot satisfy the requirement under *Calder*, that Kardooni's conduct was "expressly aimed" towards New Jersey. As a result, Plaintiff cannot establish personal jurisdiction over Kardooni. Accordingly, his complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2).

**B.     Plaintiff's Complaint Should Be Dismissed Because He Failed to Demonstrate that New Jersey is the "Focal Point" of Any Harm he Allegedly Suffered**

Plaintiff's Complaint should also be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2), because Plaintiff failed to satisfy prong two of the *Calder* test: that plaintiff felt the "brunt of the harm in the forum" such that the forum can be said to be the focal point of the harm suffered.

In both his Complaint and his opposing declaration, Plaintiff fails to identify facts demonstrating that New Jersey is the "focal point" of the harm allegedly suffered. Instead, Plaintiff repeatedly argues that his alleged harm was suffered "nationwide." Specifically:

- In both his Complaint and opposing declaration, Plaintiff alleges that his relationship with Game Changer Wrestling allowed him "to participate in more wrestling matches **both in New Jersey and across the nation**." (*See* ECF No. 1 at ¶17 and ECF No. 18-1 at ¶5 (*emphasis added*)). Plaintiff does not elaborate as to what percentage of wrestling matches took place in New Jersey, does not allege that the *majority* of his wrestling matches took place in New Jersey, and does not allege that the *plurality* of his wrestling matches took place in New Jersey.

- In his Complaint, Plaintiff alleges generally that Kardooni's social media posts "have attracted hundreds of people's attention, and will continue attracting more attention **from the general public**, including more New Jersey residents[.]" (*See* ECF No. 1 at ¶39 (*emphasis added*)).

- In his opposing declaration, Plaintiff states that he is known by his "ring name 'Chris Dickenson' in the industry, both within New Jersey and **across the country**." (*See* ECF No. 18-1 at ¶4 (*emphasis added*)).

- In his opposing declaration, Plaintiff argues that defendants "knew of, and she still knows of, my professional connections with GCW and other wrestling promotions, **both in New Jersey area and nationwide.**" (*See* ECF No. 18-1 at ¶12 at 15 (*emphasis added*)). Even assuming that the Court considering this conclusory allegation, Plaintiff fails to apportion the percentage of activities within the State of New Jersey against his other "nationwide" activities, so as to show that New Jersey is the "focal point" of his business.

- In his opposing declaration, Plaintiff alleges that defendants' posts "reached a **broader audience** from the professional wrestling industry." (*See* ECF No. 18-1 at ¶18 (*emphasis added*)). Importantly, Plaintiff fails to allege any facts demonstrating that, in particular, the social media posts created a "focal point" of harm in New Jersey.

- In his declaration, Plaintiff alleges that he "cannot obtain any promotion opportunities equivalent to the ones that GCW granted [him], **either in the New Jersey area or nationwide**." (*See* ECF No. 18-1 at ¶23 (*emphasis added*)). Once again, Plaintiff's statement avers that he suffered harm "nationwide," without demonstrating that New Jersey is the "focal point" of such harm.

As the foregoing statements are the *only* allegations upon which Plaintiff relies to support prong two of the *Calder* test, it cannot be disputed that Plaintiff has failed to meet his burden to

demonstrate that New Jersey is the "focal point" of his alleged harm. Instead, Plaintiff's Complaint – which is accepted as true only for the purposes of this motion – alleges that Plaintiff suffered harm "nationwide," without any particular nexus to New Jersey.

Certainly, Plaintiff fails to satisfy the second prong of the *Calder* test, showing that New Jersey is the "focal point" of the alleged harm suffered. Accordingly, he cannot demonstrate that this Court has jurisdiction over Kardooni, warranting the dismissal of his Complaint, pursuant to Fed. R. Civ. P. 12(b)(2).

## POINT II

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS FUNDAMENTALLY UNFAIR TO FORCE A CANADIAN RESIDENT THAT LACKS MINIMUM CONTACTS WITH THIS FORUM TO LITIGATE IN NEW JERSEY

A major concern in a question of personal jurisdiction is the fairness of the court taking jurisdiction over the defendant. To ensure this fairness, "it is essential that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (*quoted in Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

In *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148 (D.N.J. 1990), this Court expressly rejected the contention that a defendant's nationwide publication, standing alone, made it "fair" to haul the defendant into New Jersey courts. Specifically, this Court held that:

> In an age of modern advertising and national media publications and markets, plaintiffs' argument that such conduct would make a defendant amenable to suit wherever the advertisements were aired would substantially undermine the law of personal jurisdiction. Courts generally have refused to adopt such a standard and embark on such a course.

*Giangola* at 156 (D.N.J. 1990).

No facts pled in the Complaint or Plaintiff's opposition support the contention that it would be "fair" to force Kardooni – a Canadian resident with ties to California – to litigate in New Jersey. Indeed, Plaintiff admits that Kardooni's *sole* connection to the State of New Jersey is that she travelled to New Jersey for work, and last did so *over a year ago*. (*See* ECF No. 18-1 at ¶13). Nothing more. Under these circumstances, the contention that Kardooni should be forced to litigate in New Jersey – despite a dearth of any connection between her and this forum – completely disregards decades of law governing personal jurisdiction, and flies in the face of the notions of fair play and substantial justice.

Desperate to keep this case in New Jersey, Plaintiff makes wild accusations to fabricate the illusion that New Jersey is the *only* forum in which this matter could be litigated efficiently. (*See* ECF No. 18 at p. 7). The Court should disregard Plaintiff's argument as demonstrably false. Indisputably, all parties concede that New York – not New Jersey – could be an appropriate forum, based upon Plaintiff's residence[4]. Plaintiff declined to file suit in the state where he resides. He offers no explanation as to why he repeatedly refuses to bring this action in New York, or why his claims against both Defendants could not be litigated in that forum. Plaintiff's silence is no mistake. He is merely engaged in impermissible forum shopping.

The Court should reject Plaintiff's unsupported attempt to litigate this matter in a forum that bears no connection to the parties or the facts. There is no basis to haul Kardooni into the State of New Jersey, especially where she lacks any connections to the State. As the notions of

---

[4] As discussed above, in Kardooni's moving brief, and in Plaintiff's Complaint, Plaintiff is a resident of the State of New York and the social media posts addressed Plaintiff's conduct. Thus, any litigation relating to those social media posts (however misguided, based upon the evidence already submitted) could be appropriate in the state where Plaintiff resides. *See e.g. Calder v. Jones*, 465 U.S. 783 (1984).

fairness weigh against forcing Kardooni to litigate in a state to which she is a stranger, the Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).

## POINT III

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE LANHAM ACT DOES NOT APPLY NON-COMMERCIAL PERSONAL SPEECH

As set forth in Kardooni's moving brief, the United States Supreme Court in *Bolger v. Young Drug Prods Corp.*, 463 U.S. 60 (1983), identified three factors that must be satisfied to reach the conclusion that speech is "commercial" and, therefore, subject to the Lanham Act: (i) that the communication is an advertisement; (ii) that the communication refers to a specific product or service; and (iii) that the speaker has an economic motivation for the speech. *Id.* at 67. In light of the admissions in Plaintiff's opposition and the lack of any supporting allegations in his Complaint, it is clear, on their face, that social media posts at issue are *not* commercial in nature. As such, Plaintiff cannot demonstrate that Kardooni is subject to liability under the Lanham Act and Count One of his Complaint should be dismissed, with prejudice.

First, Plaintiff openly admits that the social media posts "are not advertisements in the conventional sense[.]" (*See* ECF No. 18 at p. 8). In the face of this admission, Plaintiff broadly argues that *any* writings that Kardooni makes concerning Plaintiff's "thoughts about his fellow wrestlers" should be subject to the Lanham Act as an "advertisement." Plaintiff cites no law to support his contention, and none exists. Thus, Plaintiff wholly fails to identify facts demonstrating that the social media posts are "advertisements," subject to the Lanham Act.

Second, Plaintiff fails to demonstrate that the social media posts are "commercial," as they do not refer to a particular product or service. Instead, the social media posts discuss Kardooni's personal experiences with Plaintiff, which are distinct from Plaintiff's public persona or any of

10

Plaintiff's performances as a professional wrestler.  Recognizing this fact, Plaintiff argues that Kardooni should nonetheless be subject to the Lanham Act because Plaintiff and Kardooni are both participants in the wrestling industry.  Contrary to Plaintiff's argument, the law in this Circuit provides that, where the statements "do not 'refer to a specific product or service[,]'" the mere fact that a statement is made by an individual participating in the same industry, is insufficient to support liability under the Lanham Act. *Konowicz v. Carr*, 838 Fed. Appx. 1, 7 (3d Cir. 2020) (*citing U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914 (3d Cir. 1990)) (dismissing claim under the Lanham Act where one weatherman published tweets questioning the credentials and reliability of his competitor, without advertising any product or service.).  Thus, Plaintiff cannot demonstrate that the social media posts "refer to a particular product or service" and, therefore, commercial in nature. Accordingly, the social media posts are *not* subject to the Lanham Act, and Count One of Plaintiff's Complaint should be dismissed.

      Finally, Plaintiff fails to plead facts demonstrating that Kardooni possesses an economic incentive by publishing the social media posts.  Other than alleging generally that Kardooni and Plaintiff are engaged in the same industry – which, as set forth above, is insufficient to establish commercial speech under the Lanham Act – Plaintiff's sole argument is his citation to the unpublished decision in *Canfield Scientific Inc. v. Melanoscan, LLC*, 2017 WL 2304644 (D.N.J. May 25, 2017).  In *Canfield,* this Court found that a publication was subject to the Lanham Act because "it does refer to [defendant's] product" and made representations concerning the efficacy of the defendant's competing product.  *Id.* at *10.  Under those circumstances, the Court found that publications discussing the defendant's product "can reasonably be interpreted as satisfying the economic motivation requirement" of commercial speech, subject to the Lanham Act.  *Id.* None of the facts analyzed in *Canfield* are present here.  Undeniably, the social media posts *do not*

11

refer to the professional activities of Plaintiff or Kardooni.  They do not promote, or even refer to, Kardooni's wrestling performances or Plaintiff's wrestling performances.  Instead – as Plaintiff concedes – the posts only address the personal lives of two individuals that participate in the wrestling industry, and Plaintiff's history of abusive conduct.  That subject, standing alone, is insufficient to establish that the social media posts are "commercial speech," subject to the Lanham Act.  *See Konowicz*, 838 Fed. Appx. at 7 (3d Cir. 2020)

Plaintiff is desperate to fit a square peg into a round hole, so as to save his baseless claim.  In the face of the demonstrably truthful statements recounting Plaintiff's horrific abusive conduct, he cannot use Federal Law to bully his victim, especially where his claim lacks all basis in fact and law.  As Plaintiff wholly fails to plead facts demonstrating that the social media posts constitute "commercial speech" subject to the Lanham Act, Count One of his Complaint should be dismissed, with prejudice.

## POINT IV

### KARDOONI'S DECLARATION AND EXHIBIT ARE APPROPRIATE FOR CONSIDERATION ON A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2)

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), it is absolutely proper for the defendant to rely upon declarations and evidence demonstrating that the Court lacks personal jurisdiction.  *See e.g. Benitez v. JMC Recycling Systems, Ltd.*, 97 F. Supp. 3d 576 (D.N.J. 2015) (*citing* 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1351 (3d ed.) ("The court may receive and weigh the contents of affidavits and any other relevant matter submitted by the parties to assist it in determining the jurisdictional facts.")).

Consistent with established New Jersey law, Kardooni relies upon her declaration and the exhibit annexed thereto, to demonstrate that the Court lacks personal jurisdiction over her. Indisputably, the declaration Kardooni submitted in support of the instant motion demonstrates

that: (i) she does not reside in New Jersey; (ii) she does not regularly conduct business in New Jersey; (iii) she has not travelled to New Jersey in over a year; and (iv) the subject matter of the social media posts took place outside of New Jersey. (*See* ECF No. 16-1).

Contrary to Plaintiff's unsupported argument, Kardooni does not rely upon her declaration, in any manner, to support the portion of her motion seeking dismissal under Fed. R. Civ. P. 12(b)(6). Indeed, Point II of Kardooni's moving brief – the *only* portion of her motion addressing Fed. R. Civ. P. 12(b)(6) – does not make any reference or citation to her declaration. (*See* ECF No. 16 at p. 12 – 14). Thus, Plaintiff's discussion as to the appropriateness of exhibits in connection with a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not relevant or warranted here. It is simply a red herring, which the Court should disregard.

Clearly, Plaintiff is embarrassed that the truth of his abusive behavior was appropriately brought to light so early in this litigation. Plaintiff's chagrin, however, is insufficient to overcome established law and a defendant's ability to present evidence in connection with a motion to dismiss under Fed. R. Civ. P. 12(b)(2). Accordingly, Plaintiff's request that the Court disregard Kardooni's declaration as an improper submission on a motion to dismiss, should be rejected.

## **CONCLUSION**

For the foregoing reasons, along with those advanced in Kardooni's moving papers, the Court should grant Kardooni's motion and dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2).  If the Court nonetheless determines that it has jurisdiction over Kardooni, the Court should dismiss Count One of Plaintiff's Complaint, with prejudice.

Dated: October 31, 2022

**FOX ROTHSCHILD LLP**
*Attorneys for defendant Christina Kardooni*

By: *[signature]*

Jordan B. Kaplan, Esq.
49 Market Street
Morristown, New Jersey 07960
Email:  jbkaplan@foxrothschild.com
Tel: (973) 992-4800
Fax: (973) 992-9125

14

139456732.1